**O'KEITH v. UNITED STATES.**

No. 11744.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1946.

Charles O'Keith, for appellant, in pro. per.

Steve M. King, U. S. Atty., and John D. Rienstra, Asst. U. S. Atty., both of Beaumont, Tex., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court denying a motion by O'Keith to correct his sentence imposed in 1937, or to vacate it and resentence him, because there were two terms of imprisonment imposed to be served concurrently, though only one crime under 12 U.S.C.A. § 588b was confessed by his plea of guilty.

The indictment is in two counts. The first count charges the taking of money by force and violence and by putting in fear the cashier of a named bank insured under the provisions of the Federal Deposit Insurance Act of the United States, 12 U.S.C.A. §§ 264, 462a—1. The second count adopts the allegations of the first count by reference, and adds that the cashier's life was put in jeopardy by the use of a dangerous weapon, a pistol. A plea of guilty was entered to both counts. A judgment was then pronounced adjudging that O'Keith is guilty of taking the money from the cashier by force and violence, "and did knowingly and wilfully put in jeopardy the life of said bank employee by the use of a dangerous weapon as charged in counts one and two of the indictment." The following day sentence was given to "imprisonment in a penitentiary for a period of 25 years and to pay a fine of $1,000, or a period of 20 years on Count Number One, to be concurrent with 25 years and the fine on Count Two."

It is now established that Section 588b, subsection (b) is only an aggravated form of the offense defined in Subsection (a), so that this indictment and plea of guilty really establish but one crime for which there should be one punishment. Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Durrett v. United States, 5 Cir., 107 F.2d 438; Wells v. United States, 5 Cir., 124 F.2d 334. The aggravated form alleged in the second count alone would justify a sentence of 25 years imprisonment, and that evidently was intended to be imposed (along with the fine) on count two, for the 20 years imposed expressly on count one is "to be concurrent with the 25 years and the fine on count two." The word "or" between the two terms must be read "and," for that is the only way in which the two terms could be concurrent. There is no real ambiguity. The court intended a term of 25 years for the aggravated crime, and wrongly supposing there ought to be a sentence on the plea to the first count also, made it to run concurrently, so that it was really no additional punishment.

Appellant urges Holbrook v. Hunter, 10 Cir., 149 F.2d 230, 232, as ruling in such a case "When the court imposed the sentence of 20 years on count one, it exhausted its power to sentence, and the sentence on count two was void." The citation is not in point, for in the present case the sentence to 25 years was first pronounced and would by the suggested test be the valid sentence. Other courts have thought the longer sentence to be the one to be enforced for the aggravated crime, regardless of priority in pronouncement, since the intent of the court was to impose that much punishment in the case and the law authorized it. See Holbrook v. United States, 8 Cir., 136 F.2d 649; Hewitt v. United States, 8 Cir., 110 F.2d 1; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Holiday v. United States, 8 Cir., 130 F.2d 988. The sentence on the first count, though to be served concurrently, ought to be expunged, and we so direct. With this correction the

Judgment is affirmed.