UNITED STATES of America,
Plaintiff-Appellee,

v.

James Joseph LEATHER, Defendant-Appellant.

No. 12614.

United States Court of Appeals
Seventh Circuit.

Oct. 20, 1959.

*we* five twenty dollar bills, and he said this one hundred dollars was to apply on

Jack L. Goodsitt, Milwaukee, Wis., for appellant.

Edward G. Minor, U. S. Atty., Howard C. Equitz, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

James Joseph Leather was indicted for violations of Sections 2113(a) and 2113(d) of Title 18, U.S.C., the federal bank robbery statute.

On defendant's plea of guilty, the District Judge sentenced him to fifteen years' imprisonment on Count I of the indictment,. predicated on Section 2113(a), and to five years' imprisonment, to be served concurrently, on Count 2 of the indictment, predicated on Section 2113(d). Defendant began serving the sentences May 23, 1952. On December 2, 1958, he moved to vacate the sentence on Count I. The District Judge denied the defendant's motion, but, on the Court's own motion, vacated the sentence

the first week after District Court closes."

on Count 2. Defendant appealed. Defendant states the contested issues to be:

"1. Did the U. S. District Court Judge for the Eastern District of Wisconsin err in vacating and setting aside on his own motion a sentence and judgment of five years imposed as to Count 2 of an indictment charging violations of Section 2113 (a) (d) Title 18, U.S.C. after said sentence and judgment had been legally satisfied, *i. e.*, by defendant's incarceration, pursuant to said sentence from May 23, 1952 to date?

"2. Did the U. S. District Court Judge for the Eastern District of Wisconsin err in denying Defendant's motion to vacate the sentence and judgment of fifteen years imposed for Count I of an indictment charging violations of 2113(a)(d) Title 18, U.S.C. where Count I charged an offense clearly included and thereby merged in Count 2, and further, where the defendant had already satisfied the sentence and judgment imposed as to Count 2?"

Count I charges that defendant "did * * * by force and violence and by intimidation, take from the presence of * * * money in the sum of $93,569.-00 belonging to * * * First Wisconsin National Bank." Count 2 charges that defendant, in addition to the facts charged in Count I, "did assault and put in jeopardy the life and lives of * * by the use of dangerous weapons, to-wit: a loaded 30-30 Caliber Rifle, a loaded sawed-off Shot-gun and a loaded Revolver; * * *."

Defendant argues that the offense stated in Count I was merged with the more serious crime stated in Count 2 and that upon multiple convictions under the various subsections of the bank robbery statute only one sentence can be imposed.

In support of his argument, defendant cites Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 and Kitts v. United States, 8 Cir., 1957, 243 F.2d 883, wherein the Eighth Circuit discussed and applied the Prince doctrine. Prince, under the federal bank robbery statute, had received consecutive sentences of twenty years for robbery of the bank and fifteen years for entering with intent to commit a felony. The Supreme Court said (352 U.S. at page 324, 77 S.Ct. at page 404):

"We must decide here whether unlawful entry and robbery are two offenses consecutively punishable in a typical bank robbery situation."

(352 U.S. at page 328, 77 S.Ct. at page 407):

" * * * the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated. To go beyond this reasoning would compel us to find that Congress intended * * * to make drastic changes in authorized punishments. This we cannot do. If Congress had so intended, the result could have been accomplished easily with certainty rather than by indirection."

and (352 U.S. at page 329, 77 S.Ct. at page 407):

"We hold, therefore, that when Congress made either robbery or an entry for that purpose a crime it intended that the maximum punishment for robbery should remain at 20 years,[11] but that, even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for 20 years for entering with the felonious intent."

Footnote 11 reads:

"11. In this case, petitioner was convicted of robbery aggravated by assault with a deadly weapon and was subject to the maximum of 25 years provided in 18 U.S.C. § 2113 ·(d)".

The cause was remanded to the District Court to resentence the defendant in accordance with the Supreme Court opinion.

Kitts received consecutive sentences of twenty years, for entering with intent to commit a felony, and ten years, for larceny. The Kitts case differed from

Prince in that robbery was not charged. It was the Eighth Circuit's conclusion (243 F.2d at page 884) that in the Prince case, the Supreme Court determined that upon multiple convictions under various sub-sections of the bank robbery statute only one sentence could be imposed.

The Court in the Kitts case inferred an intention on the part of the Trial Court to subject Kitts to the maximum term of imprisonment for which the statute provided. The maximum penalty in the Kitts case was the twenty-year penalty imposed for entering with intent to commit a felony. The Court, therefore, reversed the judgment as to the additional ten-year sentence imposed for larceny.

The holding in the Prince case was analyzed in Williamson v. United States, 5 Cir., 1959, 265 F.2d 236. Williamson had been sentenced in 1954 to twenty years for entry with intent to commit a felony, under 2113(a); to eight years for larceny of specified property under 2113(b); and to eight years for larceny of other specified property under 2113 (b). The two eight-year sentences were to run concurrently, on completion of the twenty-year sentence. After the Prince decision, Williamson filed a motion to vacate the sentence. The District Court, concluding that under the Prince doctrine entry of the bank with intent to commit a felony merged into larceny of the bank's property, vacated the twenty-year sentence, leaving the two concurrent eight-year sentences. The government appealed. On reversal and remand, the District Court reinstated the twenty-year sentence and vacated the two eight-year sentences. Williamson appealed. The Fifth Circuit held that Prince did not require a holding that there was merger; that it was the pyramiding of penalties which was proscribed. The Fifth Circuit opinion states (265 F.2d at page 238):

"It may be that the two offenses defined by 18 U.S.C.A. § 2113(a), of entering a bank with the intent to commit a felony, for which the penalty is twenty years, and the completed offense of robbing the bank, for which the penalty is twenty years, are merged. The opinion in the Prince case so indicates and its language is quoted in the opinion in the recent case of Heflin v. United States [358 U.S. 415], 79 S.Ct. 451 [3 L.Ed.2d 407]. However, the opinion in the Heflin case restates the principle that Congress intended to prohibit the pyramiding of sentences. We do not think it was the purpose of the Congress to impose a greater penalty for entering a bank with the intent to commit a felony where no felony was in fact committed than could be imposed where the unlawful entry was followed by the larceny of the property of the bank. We think this view is in harmony with both the Prince case and the Heflin case. See Counts v. United States, 5 Cir., 263 F.2d 603."

The cause was again remanded because the original remand had been to re-sentence within the twenty-year maximum rather than merely to vacate one or the other sentence, and the defendant's presence was, therefore, necessary. Williamson had been denied an opportunity to be before the District Court when his sentence had been changed.

In Heflin, 1959, 358 U.S. 415, 79 S.Ct. 451, 452, 3 L.Ed.2d 407, the defendant had been sentenced to ten years on one count, which charged taking property by force, and assaulting and jeopardizing lives of several persons in the taking; one year and one day on a second count charging that defendant and two others did "receive, possess, conceal, store and dispose" of the stolen property under 2113(c); and three years on a third count charging conspiracy. The three-year sentence was to run on expiration of the ten-year term, and the one year and one day to begin on expiration of the three-year term. Referring to Prince, the Supreme Court says (358 U.S. at page 419, 79 S.Ct. at page 453):

"We gave the Act that construction because we resolve an ambiguity in favor of lenity when required

to determine the intent of Congress in punishing multiple aspects of the same criminal act."

The Supreme Court then indicates that the legislative history of 2113(c) indicates that it "was not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber. We find no purpose of Congress to pyramid penalties for lesser offenses following the robbery." The Court also noted that the ten-year sentence was admittedly valid.

Counts, 5 Cir., 1959, 263 F.2d 603, was sentenced to serve fifteen years each, concurrently, under 2113(a) and 2113(b). The sentence under 2113(b) was corrected to ten years, as in excess of the maximum, but the fifteen-year sentence on 2113(a), being within the twenty-year maximum, was allowed to stand. The Court said (263 F.2d at page 604):

"As have so many others, appellant now urges, on the basis of Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, that, since a larceny actually took place, the entry with felonious intent, Section 2113(a), merged into the larceny, Section 2113(b), so that the maximum sentence was 10 years. For the reasons pointed out in United States v. Williamson, 5 Cir., 1958, 255 F.2d 512, we disagree. To this may be added Purdon v. United States, 10 Cir., 1957, 249 F.2d 822, certiorari denied 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273; * *" (citing other cases).

In the earlier Williamson case, the Court had said (255 F.2d at page 514):

"* * * Prince does no more than proscribe the pyramiding of sentences upon convictions for entry and larceny or robbery rather than effecting a merger of the one with either of the others. This view has been taken by other Courts of Appeal, Purdom v. United States, supra; Kitts v. United States, * *. We feel this view is correct for to hold otherwise would produce anomalous interpretation of the statute which would allow one entering a bank with the intent to commit a felony (including larceny) against the bank to be sentenced to twenty years imprisonment if his intent should be frustrated but to no more than ten years if he should steal, as here, $28,194 and no more than one year if he should take less than $100."

In Purdom v. United States, 10 Cir., 1957, 249 F.2d 822, at page 827, the Court said:

"It seems clear to us, therefore, that the Supreme Court in its opinion in the Prince case was not applying the common law doctrine of merger of offenses. Rather, the court was seeking to ascertain the intent of Congress with respect to the punishment that might be imposed under § 2113(a), * * * where the defendant was convicted of entering a bank with intent to commit a felony affecting such bank and also of the offense of robbery."

The government lists various types of invalid judgments such as imposition of both fine and imprisonment where only one is authorized, consecutive sentences totaling more than the maximum sentence authorized, and constitutionally prohibited imposition of two penalties for a single offense, and concludes that none of these is presented here. The government contends that the doctrine of merger urged upon us by the defendant has no application where concurrent sentences were imposed as here, unlike the consecutive sentences in Prince, Kitts, and other cases cited by defendant; and that in any event, before the case came to us, the District Judge had cured any possible error by his own motion in vacating the five-year sentence imposed under Count 2. However, it is defendant's position that the District Judge had already lost his discretion to vacate the five-year sentence for failure to act before defendant had served that sentence. In support of this theory, de-

fendant cites Holbrook v. United States, 8 Cir., 1943, 136 F.2d 649.

In the Holbrook case, as here, the Trial Court had imposed a sentence under more than one sub-section of the bank robbery statute, with a heavier penalty (twenty years) for the less aggravated degree of the offense, with the added provision that the longer sentence be served before the commencement of the shorter (five years). Neither sentence of itself was invalid and the Eighth Circuit decided (136 F.2d at page 652) that the only invalidity derived from the Constitutional prohibition against double jeopardy or subjection to more than one punishment for a single crime; that the Court and not the defendant had the right to say which of the two consecutive sentences, contemporaneously imposed and both unexecuted should be eliminated " * * * up to the time that there has been a legal satisfaction of one of the sentences, and appropriate action may be taken to vacate the sentence which the court concludes should be voided, in order not to impinge upon the defendant's right against double punishment." It should be noted that neither in the Holbrook case, nor in the case before us, do we have a lawful sentence sought to be increased after the defendant had commenced to serve it.

The majority of the Court found that the shorter sentence had not been legally satisfied, although at the time of the decision more than five years had passed since the defendant had been committed, because the Trial Court had expressly directed that the five-year sentence was not to commence until the longer sentence had been served. The case was remanded with directions to vacate the five-year sentence. The Trial Court accordingly vacated the five-year sentence. After that, Holbrook sought discharge on writ of habeas corpus, Holbrook v. Hunter, 10 Cir., 1945, 149 F.2d 230, contending that the twenty-year sentence was void. The Court there held (149 F.2d at page 232) that: " * * * the most that can be said is that when the court imposed the sentence of 20 years on count one, it ex-

hausted its power to sentence, and the sentence on count two was void."

Both before and after the Prince decision, the problem of the effect of multiple sentences has arisen in many courts. As indicated, a number of different theories have been applied.

In Coy v. United States, 6 Cir., 1946, 156 F.2d 293, certiorari denied 1946, 328 U.S. 841, 66 S.Ct. 1010, 90 L.Ed. 1615, defendant was found guilty on June 19, 1937, on all three counts of an indictment which charged him with taking or attempting to take by force property of a bank insured by the Federal Deposit Insurance Corporation, with putting in jeopardy the life of a person by use of a dangerous weapon, and with conspiracy to defraud the United States. He was sentenced to serve 20 years on the first count, one year and one day on each of the other two counts, and fined $100 on each count, all sentences to be cumulative. On November 22, 1940, having apparently served more than a year and a day, he moved to set aside the sentence on count one, as included in the offense charged in count two. This motion and other proceedings came to naught because the courts believed themselves without jurisdiction to act after the expiration of the term. It was later determined that he might apply to the District Court on an application to correct a sentence even after the expiration of the term in which it was imposed. The District Court decided that the sentence imposed on count two was void because it was less than the minimum provided by the statute and set it aside. Defendant appealed. The Sixth Circuit said it was now beyond controversy that the offense of bank robbery by the use of deadly weapons was the same offense as that described in subdivision (a) of the statute, but aggravated by use of deadly weapons. The Court further said (156 F.2d at page 295):

"Upon the first two counts of the indictment the court was empowered to impose but one sentence. The statute did not restrict the right of the court to impose sentence under

any particular subdivision * * * in case of conviction for more than one degree of the offense. Holbrook v. United States, 8 Cir., 136 F.2d 649. The constitutional prohibition against double punishment for a single crime, protects the defendant from separate sentences on each of the several degrees of the crime. And, as pointed out in the Holbrook case, the decisions which have indicated that the lesser degree of the offense is merged with the greater, where both are charged in separate counts, must be read in the light of the practical fact that the sentences in such cases imposed were greater, upon the aggravated charge, than the other, and the only responsibility of the court in reviewing such sentences is to vindicate the defendant's right under the Fifth Amendment, against double jeopardy or punishment.

"We have here a valid sentence of twenty years under count one of the indictment. * * * The sentence imposed was within the terms of the statute. We are asked to set it aside because, upon another count of the indictment, an invalid sentence was imposed which has now been set aside. The argument directed to that result cannot be accepted."

The Court also quoted King v. United States, 69 App.D.C. 10, 98 F.2d 291, 296, to the effect that:

"Sentencing should not be a game in which a wrong move by the judge means immunity for the prisoner."

Besides pointing out that Holbrook antedated Prince and thus cannot be held to represent an application of the latter, the government distinguishes Holbrook from the case before us in that it involved consecutive sentences.

United States v. Di Canio, 2 Cir., 1957, 245 F.2d 713, concerned concurrent sentences under 2113(a) and (d), of 18 years each. The Second Circuit held that conviction under 2113(a) was merged in 2113(d) and set the former aside.

In Audett v. United States, 9 Cir., 1959, 265 F.2d 837, the Trial Judge imposed sentence of 20 years on Count 1 which charged entering the bank with intent to commit larceny and the maximum of 10 years on Count 2 which charged robbery of property of the total value of $30,000. The Court of Appeals held that the Trial Judge, by imposing the maximum sentence on Count 1, and allowing the sentence on Count 2 to run concurrently, had indicated he intended the maximum sentence to be twenty years and that the sentence imposed on Count 2 thus became merged in that on Count 1. The policy in such circumstances, the Court held, was to vacate the lower sentence, pointing out that a multiplicity of sentences impaired a prisoner's opportunities for pardon or parole even though he might serve no more than twenty years because the sentences ran concurrently.

Likewise in Remine v. United States, 6 Cir., 1947, 161 F.2d 1020, the Court of Appeals considered concurrent sentences of two years on a conspiracy count, of twenty years each on two counts for robbing a bank by putting in fear a specific person and by putting in jeopardy the life of that individual by use of a deadly weapon, and of twenty-five years on a fourth count for robbing a bank by assaulting that individual. The Court considered the lighter sentences to be merged into the longer twenty-five-year sentence and directed they be expunged.

Concurrent sentences were involved in O'Keith v. United States, 5 Cir., 1946, 158 F.2d 591. A two-count indictment charged defendant with (1) taking money by force and putting the cashier in fear, and (2) putting the cashier's life in jeopardy by use of a dangerous weapon. Sentence was imposed of "imprisonment * * * for * * * 25 years and * * * fine of $1,000, or * * * 20 years on Count Number One, to be concurrent with 25 years and the fine on Count Two." The Court said (158 F.2d at page 592) that it was estab-

lished that the "indictment and plea of guilty really establish but one crime for which there should be one punishment." (Citing cases.)

The Court decided that the word "or" between the two terms must be read "and" because that was the only way in which the two terms would be concurrent and went on to say:

> "There is no real ambiguity. The court intended a term of 25 years for the aggravated crime, and wrongly supposing there ought to be a sentence on the plea to the first count also, made it to run concurrently, so that it was really no additional punishment.

> "Appellant urges Holbrook v. Hunter * * * as ruling in such a case 'When the court imposed the sentence of 20 years on count one, it exhausted its power to sentence, and the sentence on count two was void.' * * * Other courts have thought the longer sentence to be the one to be enforced * * * regardless of priority in pronouncement, since the intent of the court was to impose that much punishment in the case and the law authorized it." (Citing cases.) "The sentence on the first count, though to be served concurrently, ought to be expunged, and we so direct. With this correction the Judgment is affirmed."

In Lowe v. United States, 6 Cir., 1958, 257 F.2d 409, defendant was sentenced to ten years for theft and fifteen years for the aggravated crime of putting lives of bank employees in jeopardy, the sentences to run concurrently. The District Court set aside the ten-year sentence, but denied motion to set aside the fifteen-year sentence. Defendant appealed. The Sixth Circuit found no constitutional right of defendant to have been violated.

Defendant also cites In re Bradley, 1943, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500 and cases following it. In the Bradley case both fine and imprisonment were imposed under the purported authority of a statute authorizing either alone.

The fine had been paid. The Supreme Court held that subsequent amendment of the sentence to exclude fine could not avoid satisfaction of the judgment. But in the case before us, defendant has not fully satisfied one of two alternative penalties of the law. Even in Holbrook, on which defendant relies, the Court found no satisfactory execution of the shorter term because the Trial Court had specifically designated the longer term to be served first.

We must also consider the well settled principle that if a valid concurrent sentence of equal or longer duration exists, it is immaterial whether lesser concurrent sentences are valid.

Analogies drawn from cases involving multiple consecutive sentences or imposition of a fine and imprisonment, where one alone is authorized, show a fatal weakness when applied to concurrent sentences.

It is to be hoped that trial courts will not commit error in imposing sentence in federal bank robbery cases; if they do, it seems illogical to deprive such courts of the discretion to correct such error on the basis of a factor exclusively in control of the defendant. If defendant may, by such means, elect to serve the shorter of two concurrent sentences, a high premium is placed on deliberate delay.

In the course of oral argument, counsel for defendant explained the delay in this case as due to the fact that defendant had only recently learned of the error. On defendant's theory, due diligence in pursuit of his rights, would have automatically denied him the relief he now seeks. Neither reason nor logic nor any rule of law can countenance the situation of a defendant fixing his own penalties.

We agree that defendant was found guilty of a single offense for which a single punishment should have been imposed. The District Court has now expunged the second sentence. Both sentences were imposed simultaneously to be served concurrently; the total punishment imposed was not in excess of the permissible limit on either count; the

defendant has not been prejudiced by the technical error committed and then corrected by the District Court.

We find no error in the action of the Trial Judge, taken on his own motion, to vacate the sentence imposed on Count 2, rather than the sentence on Count I as sought in defendant's motion.

This Court wishes to express appreciation for the faithful and able service rendered in presentation of argument, orally and on brief, by Mr. Jack L. Goodsitt of the Wisconsin bar, who was appointed in the District Court to represent defendant, and who has continued to represent the defendant in his appeal to this Court.

Affirmed.

Clark, Chief Judge, dissented.