**UNITED STATES of America**

v.

**Charles Edward LAWRENSON and Robert L. Couch.**

**Cr. No. 24975.**

United States District Court
D. Maryland.

Sept. 15, 1961.

Joseph D. Tydings, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Jervis Spencer Finney, Baltimore, Md., for defendant Lawrenson.

THOMSEN, Chief Judge.

This case is now before the court on defendant Lawrenson's motion to vacate or correct the sentence, which he claims to be illegal. The facts of the case are set out in an earlier opinion, United States v. Lawrenson, D.Md., 192 F.Supp. 719.

Defendant was indicted and found guilty by a jury on four counts:

Count 1: Charging the taking by intimidation of property belonging to a bank. 18 U.S.C.A. § 2113(a).

Count 2: Charging the entering of a bank with intent to commit larceny therein. 18 U.S.C.A. § 2113(a).

Count 3: Charging the taking of property with intent to steal. 18 U.S.C.A. § 2113(b).

Count 4: Charging the placing of human life in jeopardy during the commission of the offenses charged in previous counts. 18 U.S.C.A. § 2113(d).

After affording defendant an opportunity to make a statement and to present information in mitigation of punishment, Rule 32, F.R.Crim.P., 18 U.S.C.A., the court imposed a sentence of twenty years, saying: "The sentence of the Court is that the defendant be committed to the custody of the Attorney General for confinement in such place as he deems proper for a period of 20 years. That is the sentence on the 1st count. The sentence on the 2nd count is the same. There is only one sentence imposed in the whole case because these are not cumulative. There is a question whether the defendant shall be given the maximum sentence of 25 years, or not. The sentence of the Court is 20 years."

The written judgment and commitment recited that the defendant had been convicted upon a jury verdict of guilty of the offenses stated in the four counts listed above, noted compliance with the requirements of Rule 32, and stated:

"It is Adjudged that the defendant is guilty as charged and convicted.

"It is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Twenty (20) Years."

Such a general sentence is frequently imposed in this and other courts where a defendant has pleaded or been found guilty under several counts of a multiple count indictment.

Defendant's motion and argument are based primarily upon two points: (A) That a defendant cannot be punished aft-er verdicts of guilty on inconsistent counts; and (B) that a defendant cannot be punished after verdicts of guilty on counts which are not separate and distinct.

█ (A) Defendant concedes that a general sentence is not necessarily illegal, and that it would not be illegal in this case except for the alleged inconsistency between counts 1 and 2. He argues that a court cannot permit a jury to return a verdict of guilty on both counts 1 and 2, but must require a jury to choose between them.

If there were such inconsistency between the two counts, defendant would have a serious point. But he has not cited and the court has not found any case which suggests that there is any inconsistency between those two counts.

Defendant cited and relied upon three Supreme Court cases, namely: Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; and Milanovich v. United States, 365 U.S. 550, 81 S.Ct. 728, 5 L.Ed.2d 773.

In Prince the Supreme Court held that consecutive sentences could not be imposed for the violation of counts similar to Count 1 and Count 2 of the present indictment. But it did not suggest that there was any inconsistency in submitting to the jury all of the counts in the indictment.

In Heflin the Court held that a defendant could not be convicted and cumulatively sentenced both for robbing a bank, sec. 2113(a), and for receiving the proceeds of the robbery, sec. 2113(c). The decision was based upon the well-established principle that a defendant cannot be convicted both of larceny and receiving the same goods. That principle does not apply in this case because there is no count in this indictment charging a violation of sec. 2113(c).

Milanovich dealt with a different statute, 18 U.S.C.A. § 641, and a different crime, but its holding was essentially the same as in Heflin, since it involved the

inconsistency between counts charging larceny and receiving the same goods.

The legal principles applicable in the case at bar have been fully reviewed by the various Courts of Appeals in recent years; it is needless to reiterate what has been said. United States v. Leather, 7 Cir., 271 F.2d 80; Purdom v. United States, 10 Cir., 249 F.2d 822, certiorari denied, 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed. 2d 273; Williamson v. United States, 5 Cir., 265 F.2d 236; La Duke v. United States, 8 Cir., 253 F.2d 387; Counts v. United States, 5 Cir., 263 F.2d 603; Kitts v. United States, 8 Cir., 243 F.2d 883.

(B) If, as defendant argues in his motion, the "crime charged in Count 2 is not an offense separate and distinct from the crimes charged in Count 1 and Count 3", and "the crime charged in Count 3 is not an offense separate and distinct from the crimes charged in Count 1 and Count 2", it is hard to see how there could be any inconsistency between verdicts of guilty on all three of the counts. Whether concurrent sentences on those counts can properly be imposed may be debatable. Audette v. United States, 9 Cir., 265 F.2d 837. Cf. United States v. Leather, supra; Purdom v. United States, supra; Williamson v. United States, supra.

■ Properly construed, the sentence imposed orally in this case and the written judgment and commitment show that a single, general sentence was imposed, less than the maximum sentence which could be imposed on Count 4, and exactly the maximum which could be imposed under either Count 1 or Count 2. No case has been cited or found which questions such a sentence. If, as defendant suggests, the statement of the court in imposing sentence should be construed as imposing two concurrent sentences on Counts 1 and 2, the statement is hereby corrected to indicate that only one sentence was intended to be imposed. Such a correction is clearly within the power of the court. United States v. Leather, 7 Cir., 271 F.2d 80.

Order

The motion is hereby denied.