**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gerald Wayne GARDNER, Defendant-Appellant.**

**No. 14720.**

United States Court of Appeals Seventh Circuit.

May 28, 1965.

Rehearing Denied July 9, 1965.

John J. Cleary, Chicago, Ill., Gerald Wayne Gardner, for appellant.

Carl W. Feickert, U. S. Atty., Walter D. Williams, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

Defendant Gerald Wayne Gardner was indicted in three counts on January 7, 1964, together with Billy Gene Odam and Ted Allen Starnes. Count I of the indictment charged defendant with a violation of 18 U.S.C.A. § 2113(a) (entering a bank with the intention of committing a felony). Count II charged a violation of 18 U.S.C.A. § 2113(d) (entering a bank with the intention of committing a felony and putting in jeopardy the life of a customer of the bank by using a dangerous weapon). Count III charged a violation of 18 U.S.C.A. § 371 (conspiracy to unlawfully enter a bank with the intention of committing a felony).

Gardner was represented at trial by court appointed counsel.

A jury verdict found the three defendants guilty on all counts and the court entered judgment thereon. Defendant Gardner was committed to the custody of the Attorney General for ten years on Count I, ten years on Count II and five years on Count III, the sentences to run concurrently. Defendant Gardner has appealed from the judgment of conviction.

On appeal, defendant contends the district court committed reversible error by denying defendant's motion for severance and a separate trial from Odam and ad- mitting into evidence a statement defendant made to Deputy Marshall Fisher. Defendant further contends he was denied a fair trial and that the district court improperly imposed a separate sentence for each offense charged in Count I and Count II.

I

Prior to trial, defendant filed a motion for severance from Odam, which was denied. Defendant contends the district court abused its discretion in denying this motion.

■ The issue of severance is within the discretion of the trial court and is not subject to review in the absence of an affirmative showing that such discretion was abused. Baker v. United States, 10 Cir., 329 F.2d 786, 787 (1964); Milam v. United States, 5 Cir., 322 F.2d 104, 110 (1963); United States v. Haupt, 7 Cir., 136 F.2d 661, 672 (1943). No such showing was made in this case. We hold the district court did not abuse its discretion in refusing to grant severance.

Defendant argues he was prejudiced and denied a fair trial by being tried with Odam and Starnes. He asserts prejudice for the reason that Starnes testified and identified two pistols as having been purchased and fired by defendant; Virginia Gunter, a former girl friend of Starnes, testified that Starnes told her defendant was in on the bank robbery; a Federal Bureau of Investigation agent testified concerning the oral and written confession of Odam, which confession included actions of defendant; and this written confession was admitted into evidence.

■ In a joint trial, incriminating statements made by one defendant which mention another defendant and his conduct are admissible into evidence but only against the declarant. This is also true of a written confession by one defendant which names joint defendants. Delli Paoli v. United States, 352 U.S. 232, 237, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957). Such evidence is hearsay but it is admissible as to the declarant under the admission against interest exception

to the hearsay rule. Id. at 240, 77 S.Ct. 294. The trial court should be careful at the time of the admission of such evidence and by its instructions make clear to the jury that the evidence is limited to the declarant only and is not to be considered as to other defendants. Id. at 238, 77 S.Ct. 294.

During the direct examination of Virginia Gunter, defendant's attorney stated, "We make the objection now at this time on the basis that if there was a statement that was made by Starnes out of the presence of the other defendants, this statement would not be admissible as against them. * * *"

Government counsel replied, "Offered as to defendant Starnes only, Your Honor."

The court then admonished the jury, "Ladies and gentlemen of the jury, the conversation between this witness and defendant Starnes will be received as to the defendant Starnes, only, and not as to the defendants Gardner and Odam. You may proceed." Similar objections were made by defendant and like admonitions were given by the court to the jury applicable to the FBI agent's testimony concerning Odam's oral and written confession and to the introduction into evidence of Odam's written confession.

The court in its instructions to the jury gave a limiting instruction which stated, in pertinent part: "Whenever evidence was received as to one or more of the defendants and not as to the other defendant or defendants, it should not be considered for any purpose against one or more of the defendants against whom it was excluded." The trial court was not required to delete portions of Odam's concession which mentioned defendant, as contended now on appeal. Id. at 237, 77 S.Ct. at 297.

■ We hold that the court's admonitions and limiting instruction complied with the standards of Delli Paoli, supra, and fully protected defendant, and that defendant was not prejudiced or denied a fair trial as a result of being tried jointly with Odam and Starnes.

The court denied a motion to instruct the jury that Starnes' testimony identifying two pistols as having been purchased and fired by defendant, supra, be considered only as to Starnes and not as to defendant. Such testimony is not hearsay and is admissible into evidence. This denial was not error.

## II

■ On January 13, 1964, Deputy Marshal Fisher took defendant and another prisoner, Millage Belcher, to the Federal Building in East St. Louis, Illinois to confer with their attorneys.

While traveling in an automobile to the Federal Building, Belcher stated how foolish he was to have burglarized a post office and only obtain thirty dollars. Defendant replied, "You think that's foolish. How about robbing a bank that is burglar proof or bullet proof, and getting nothing out of it."

Fisher then explained to Belcher, "They [defendant, Odam and Starnes] got in the bank, and the bullet-proof mechanism kept them from getting into the back part of the bank, and also had a door which could be locked from behind the tellers' cages. They had to break a window to get out." Defendant disagreed stating, "I had to go through an iron door." Fisher replied, "Iron door? I thought it was a window * *." Defendant said, "No, it was an iron door. * * * [I broke through] with brute strength, I used every muscle in my body."

Fisher testified for Government as to the above conversation. Defendant moved to strike Fisher's testimony, which motion was denied.

Defendant urges that this denial is reversible error, citing Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), wherein the Supreme Court held, "that the petitioner was denied the basic protections of that guarantee [the Sixth Amendment] when there was used against him at his trial evidence of his own incriminating words, which *federal agents had deliberately*

*elicited from him* after he had been indicted and in the absence of his counsel." (Emphasis added.) Id. at 206, 84 S.Ct. at 1203.

Defendant's admissions in this case were voluntary and not deliberately elicited. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) has no application to this case. We hold Fisher's testimony concerning these admissions was properly received in evidence.

### III

Defendant was sentenced to ten years under Count I of the indictment which charged a violation of 18 U.S.C.A. § 2113(a) and ten years under Count II which charged violation of 18 U.S.C.A. § 2113(d), these sentences to run concurrently.

These two sections of Title 18 constitute two offenses for which but one penalty may be given. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L. Ed.2d 370 (1957); Hardy v. United States, 8 Cir., 292 F.2d 192 (1961); United States v. Leather, 7 Cir., 271 F.2d 80, 86 (1959), cert. denied, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525.

The judgment of the district court imposing a ten-year sentence on defendant under Count I for violation of 18 U.S.C.A. § 2113(a) should be vacated. United States v. Leather, supra.

Defendant did not testify or call any witness in behalf of his defense. Other defendants offered testimony in their own behalf. No contention is made on this appeal that the evidence was insufficient to support the jury verdict. We conclude that defendant received a fair trial and that the guilty verdict should not be set aside.

We appointed Mr. John J. Cleary, a reputable member of the Chicago bar, to represent defendant on this appeal. We commend Mr. Cleary for his well prepared briefs and excellent oral argument and thank him for his services.

The judgment of the district court is affirmed and the case is remanded for vacation of the sentence under Count I.

Affirmed and remanded.