COMMONWEALTH *vs.* DANIEL DALEY, JR. February 25, 1971. At a trial subject to G. L. c. 278, §§ 33A–33G, the defendant was convicted under five indictments charging, respectively, assault with intent to murder one William Kelly, assault with intent to murder one Bartley Nee, robbery while masked and armed, assault with a dangerous weapon on one Lester Owen, and assault with a dangerous weapon upon one Andrew McCarthy. The defendant appealed. The sole question for decision arises out of the defendant's first assignment of error which alleges that the judge erred in "permitting Officer Richard M. Driscoll to testify to a statement made by the defendant while he was in custody." The introduction in evidence of the challenged statement arose in these circumstances. There was evidence that the defendant and one Parker participated in an armed robbery of an A & P supermarket in Dorchester on the evening of October 25, 1969. The robbery was interrupted by two police officers, Kelly and Driscoll, and shots were exchanged between the officers and the robbers. In the course of the gunplay Officer Driscoll shot the defendant. At the trial the defendant denied participation in the robbery and stated that he entered the store to make a purchase. Officer Driscoll made an in-court identification of the defendant as the man he shot. He was then asked if he had any conversation with the defendant. Following a voir dire, Officer Driscoll was permitted to testify that about six weeks after the robbery he saw the defendant in the Municipal Court of the Dorchester District when the defendant was being arraigned on a complaint; that he introduced himself to the defendant and the defendant looked at him and said "You're a good shot." This evidence was admitted subject to the objection and exception of the defendant. The defendant contends that since at the time of the conversation charges had been brought against him,

the evidence violated his Sixth Amendment rights as set forth in *Massiah* v. *United States*, 377 U. S. 201, because the conversation took place in the absence of his counsel. This contention is lacking in merit. The defendant's statement was entirely voluntary and was not encouraged or elicited or provoked by the police. There was no violation of the defendant's rights under the *Massiah* rule. *Commonwealth* v. *Sullivan*, 354 Mass. 598, 609. *United States* v. *Accardi*, 342 F. 2d 697, 701 (2d Cir.). *United States* v. *Gardner*, 347 F. 2d 405, 407–408 (7th Cir.).

*Judgments affirmed.*

*Reuben Goodman & Alexander Whiteside, II*, for the defendant, submitted a brief.

*Edward T. Crossen*, Assistant District Attorney, for the Commonwealth.