Raymond C. BROWN, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6487.

United States Court of Appeals Tenth Circuit.

Oct. 8, 1960.

Rehearing Denied Nov. 14, 1960.

Roy N. McCue, Topeka, Kan., for appellant.

Wilbur G. Leonard, U. S. Atty., Topeka, Kan., for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court for the District of Kansas denying relief to appellant under a petition for a writ of habeas corpus and remanding appellant to the custody of the warden of the United States Penitentiary at Leavenworth. Appellant was convicted under each of two counts of an indictment alleging violation of 18 U.S. C.A. § 2113(a) and § 2113(b), entering an insured bank, (a) by force and violence attempting to or taking away prop-

erty of a bank or in its possession, and (b) taking or carrying away with intent to steal property in excess of $100.00. Violation of Sec. 2113(a) is punishable by a maximum sentence of imprisonment for twenty years; Sec. 2113(b) for ten years.

Appellant was tried in the United States District Court for the District of Texas and that court, after conviction, imposed the following sentence:

"It is the order and sentence of the Court that the defendants, Raymond Carl Brown, and Leonard Frank Hogue, *for the said offenses* by them committed, *each* be imprisoned for the period of Fifteen (15) years in an institution to be designated by the Attorney General of the United States, and that said defendants be, and they are hereby committed to the custody of said Attorney General or his authorized representative."

In his instant petition appellant asserts that the sentence has been interpreted by the Department of Justice to mean a fifteen-year sentence under Count 1 (Sec. 2113(a)) and a five-year sentence under Count 2 (Sec. 2113(b)). Having served in confinement for over five years he asserts a right to immediate release under the holding of the Supreme Court in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed. 2d 370.

In its consideration of appellant's petition, the trial court correctly noted that the exclusive remedy for clarification or interpretation of the sentence imposed by the District Court for the District of Texas rested in that court through proceedings under 28 U.S.C.A. § 2255. Brown v. Looney, 10 Cir., 249 F. 2d 61. However even if the allegation by appellant that the sentence has been interpreted by the Department of Justice as constituting one for fifteen years on Count 1 and five years on Count 2 is true and we further assume the interpretation to be correct (although we can find no support for the latter assumption)

still appellant could be accorded no relief under habeas corpus. In considering the impact of Prince upon separate convictions under Sections 2113(a) and (b) we have specifically held that the doctrine of merger does not apply. Purdom v. United States, 10 Cir., 249 F.2d 822, certiorari denied 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273. See also Clark v. United States, 10 Cir., 281 F.2d 230; United States v. Leather, 7 Cir., 271 F.2d 80; Counts v. United States, 5 Cir., 263 F.2d 603. It follows therefore that even under appellant's interpretation of his sentence he is lawfully confined pursuant to the fifteen-year sentence imposed upon Count 1 under Section 2113 (a).

Affirmed.