**UNITED STATES of America,**
**Appellee,**

v.

**Walter Brown SPEARS, Appellant.**

**No. 15206.**

United States Court of Appeals,
Fourth Circuit.

Argued April 7, 1971.

Decided May 10, 1971.

Fred Warren Bennett, Washington, D. C. (court-appointed counsel), for appellant.

Jean G. Rogers, Asst. U. S. Atty. (George Beall U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

Convicted on three counts of bank robbery in violation of 18 U.S.C.A. § 2113(a), (b), and (d), the defendant complains of a four-month delay between the discovery of evidence of his participation and the indictment, the showing of photograph spreads including his picture to witnesses without the presence of counsel at a time when he was not under arrest for, or charged with, the offense, and the questioning of government witnesses on re-direct examination concerning line-up identifications. He also claims the trial court erroneously ruled that if he should present a defense witness to testify that he did not participate in the robbery, the Government would be permitted to impeach the witness by use of his prior statement naming Spears as a participant. We find no error.

On the Government's concession, we remand the case in order that the judgments on the first two counts may be vacated. In remanding we imply no criticism of the district judge's original

imposition of three concurrent sentences on the three counts. Had only a single sentence been imposed, and the judgment supporting that sentence been reversed without disturbing the convictions on the remaining counts, difficulties could have arisen on a remand, which the action taken obviated. However, the duplicitous sentences should not be left in effect after the conviction has become final.

We have not adopted the theory that on conviction of multiple counts all merge into one. United States v. Lawrenson, 4 Cir., 298 F.2d 880. The considerations which weigh against multiple punishment for technically distinct offenses which arise out of precisely the same criminal conduct are not avoided by allowing the trial judge the added flexibility in selecting among ultimate sentencing options which the practice followed below gives him, so long as, ultimately, only one of the sentences is left in effect.

Affirmed and remanded.