**UNITED STATES of America,**
**Appellee,**

v.

**John MACKEY, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**James KING, Appellant.**

**Nos. 72–1749, 72–1925.**

United States Court of Appeals,
Fourth Circuit.

Feb. 26, 1973.

Certiorari Denied June 11, 1973.

See 93 S.Ct. 2782.

George Beall, and Paul M. Rosenberg, Baltimore, Md., on brief for appellees.

Robert B. Barnhouse, and Jonathan A. Azrael, Baltimore, Md., for appellants.

Before BOREMAN, Senior Circuit Judge, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

John Mackey and James King appeal from their convictions by a jury, on pleas of not guilty, of robbery of a federally

insured federal savings and loan association by intimidation, larceny from said association and assault committed during the commission of the robbery, in violation of 18 U.S.C. § 2113(a), (b), and (d), respectively. They complain that (1) their constitutional rights were denied when the Government showed photographs to certain witnesses without the attendance of counsel; (2) the trial court denied their motion to compel a preliminary hearing; (3) sentences were imposed on all three counts of the indictment; (4) there were no blacks on the jury which convicted them; (5) a prosecution witness was permitted to testify as to his reasons for not attempting to prevent the robbers from taking the money; and (6) the evidence was insufficient to support their convictions. Except as to (3) above, we find no merit in these assignments of error and therefore affirm the judgments of conviction and remand the case for imposition of a single sentence.

Mackey and King were charged with being two of four persons involved in the armed robbery on November 5, 1971, of the National Permanent Federal Savings and Loan Association in Langley Park, Maryland. They were arrested in the vicinity of the loan association's parking lot within minutes of the robbery and at that time each was carrying a pillowcase full of money. The serial numbers of some of the stolen currency had been prerecorded, and the money recovered from one of the pillowcases was shown to include this "bait money."

The loan association was equipped with movie cameras which operated during the robbery. None of the perpetrators wore masks. The developed film and sets of photographic prints were subsequently introduced into evidence. Certain of these prints were also shown to government witnesses prior to trial. It is this showing which Mackey and King allege violated their constitutional rights.

It is not disputed that defense counsel were not present when these prints were shown to the prosecution witnesses. Mackey and King argue that the rule of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) requiring the presence of counsel at postindictment lineups, should be extended to include postindictment photographic identification procedures.

■ This precise issue was argued [1] before the Supreme Court on January 10, 1973, in United States v. Ash, 149 U.S. App.D.C. 1, 461 F.2d 92 (1972), cert. granted, 407 U.S. 909, 92 S.Ct. 2436, 32 L.Ed.2d 682. But that issue is not pertinent in the instant case since the use of photographs here did not result in identification. The pictures were not shown to the witnesses in an attempt to have them identify someone from a number of choices. Rather, pictures of the robbery itself, depicting scenes which the witnesses had actually observed, were used to clarify, explain and demonstrate the events as they occurred, and to refresh the witnesses' recollections thereof. There was no possibility of impermissibly suggestive procedures being used to influence any identifications by the witnesses, for they were not making identifications. Therefore no right to counsel existed during this procedure. Cf. United States v. Hines, 147 U.S.App. D.C. 249, 455 F.2d 1317 (1971), cert. denied, 406 U.S. 975, 92 S.Ct. 2427, 32 L.Ed.2d 675 (1972); United States v. Ware, 147 U.S.App.D.C. 249, 455 F.2d 1317 (1971), cert. denied, 406 U.S. 969, 92 S.Ct. 2427, 32 L.Ed.2d 669 (1972) (no right to counsel when pictures of a lineup, at which counsel was present, were used only to refresh witnesses' memories.)

■ Mackey and King have failed to advance any arguments which persuade us to reconsider our long-standing rule that the return of an indictment by the grand jury eliminates the requirement of

1. 41 U.S.L.W. 3335 (Jan. 16, 1973).

holding a preliminary hearing. The purpose of both is to insure the existence of probable cause before an accused is brought to trial. That purpose is fully effectuated by either. United States v. Chase, 372 F.2d 453 (4 Cir. 1957), cert. denied, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626; Barber v. United States, 142 F.2d 805 (4 Cir. 1944), cert. denied, 322 U.S. 741, 64 S.Ct. 1054, 88 L.Ed. 1574.

Mackey and King, both black, claim that their constitutional rights were violated since there were no blacks on the petit jury. It is true, of course, that the Government may not purposefully or deliberately deny to Negroes participation as jurors in the administration of justice due to racial prejudice and discrimination. Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). However, the mere fact that a defendant in a particular case is tried by an all-white jury is not sufficient to establish a denial of his constitutional rights. Swain v. Alabama, *supra*; United States v. Canty, 422 F.2d 358 (4 Cir. 1970). No fact tending to show racial discrimination other than the absence of blacks on the jury has been alleged or shown.

Mackey and King are correct in their claim that the sentences on two counts of the three-count indictment under 18 U.S.C. § 2113 must be vacated, since all counts stem from the same occurrence. The case is therefore remanded to the district court for vacating the sentences on two counts once the judgments of conviction have become final. United States v. Spears, 442 F.2d 424 (4 Cir. 1971).

We have carefully considered the additional claims advanced by Mackey and King and have found them to be without merit.

Affirmed and remanded.