**William WRIGHT, Petitioner-Appellant,**

v.

**The UNITED STATES of America, Respondent-Appellee.**

**No. 75–1053.**

United States Court of Appeals, Seventh Circuit.

Argued April 24, 1975.

Decided July 2, 1975.

Certiorari Denied Nov. 3, 1975. See 96 S.Ct. 285.

Grady E. Holley, Springfield, Ill., for petitioner-appellant.

Donald B. Mackay, U. S. Atty., Victor M. Pilolla, Asst. U. S. Atty., Springfield, Ill., for respondent-appellee.

Before PELL and STEVENS, Circuit Judges, and PERRY, Senior District Judge.*

PERRY, Senior District Judge.

This is an appeal from orders of the District Court denying certain relief requested in a motion filed *pro se* under 28 U.S.C. § 2255 by William Wright, petitioner below.

Wright was indicted on three substantive counts of bank robbery, under 18 U.S.C. § 2113 and § 2, and one conspiracy count, under 18 U.S.C. § 371, all charges stemming from an armed robbery of the Land of Lincoln Bank of Springfield, Illinois, on July 14, 1967. Count I of the indictment charged that on July 14, 1967, Wright robbed the Land of Lincoln Bank in Springfield, Illinois, by force, violence, and intimidation, in violation of 18 U.S.C. §§ 2 and 2113(a); Count II charged that on the same date Wright stole deposits of the same bank in violation of 18 U.S.C. §§ 2 and 2113(b); Count III charged that Wright, during the course of the robbery, put lives in jeopardy by the use of a dangerous weapon, i.e., a revolver, in violation of 18 U.S.C. §§ 2 and 2113(d); Count IV charged that Wright conspired to commit the offenses charged in Counts I, II, and III, in violation of 18 U.S.C. § 371. Wright pleaded guilty to all counts and on February 19, 1968 he was convicted and sentenced to 10 years under Count I, 10 years under Count II, 15 years under Count III, and 5 years under Count IV, all sentences to run concurrently.

On December 26, 1973, alleging that he had fully served the sentence imposed under Count I, and seeking to have the greater sentence imposed under Count III vacated as being illegal,—thus resulting in his release from confinement,—Wright filed *pro se* a motion entitled "Motion To Annul The Convictions and Sentences Imposed Under Counts Two (2) and Three (3) Of The Indictment, Pursuant To Title 28, U.S.C.A. Section 2255". In the motion Wright attacked both the validity of the sentences and the validity of the underlying convictions. In his prayer for relief, Wright petitioned the court to vacate the sentences and the convictions under Counts II and III, and to release him from im-

---

* Senior District Judge Joseph Sam Perry of the Northern District of Illinois is sitting by designation.

prisonment by virtue of his having served in full the sentences imposed under Counts I and IV.

On October 25, 1974, the District Court entered an order vacating the sentences imposed under Counts I, II and IV, but leaving undisturbed the 15-year sentence imposed under Count III. Subsequently Wright filed,—both *pro se* and through his appointed counsel,—motions for rehearing and reconsideration. In the motion filed by his counsel, Wright alleged that (1) his *pro se* § 2255 motion raised the issue of the illegality of the *convictions*, as opposed to the illegality of the *sentences*, as argued in the briefs filed by Wright's appointed counsel and by the Government; (2) the issue of the illegality of the *convictions* was not argued by his appointed counsel, although it was raised in his § 2255 motion; (3) the court's order of October 25, 1974, while deciding the issue of the illegality of the *sentences*, did not decide the issue of the illegality of the underlying convictions; and (4) the final determination of the issues raised in the motion requires a decision on the issue of the illegality of the underlying convictions.

In an order entered November 21, 1974, the District Court denied Wright's motion for rehearing and reconsideration, and re-affirmed its order of October 25, 1974. On December 9, 1974 Wright appealed from both orders.

The issues on this appeal are:

(1) whether the refusal of the District Court to order Wright released from imprisonment constituted a violation of the double jeopardy clause of the Fifth Amendment;

(2) whether the District Court erred by applying, in the procedure employed for correcting illegal sentences, the "intention of the sentencing judge" theory; and

(3) whether the District Court erred by not vacating the convictions

underlying the sentences illegally imposed by the trial judge.

## I.

Wright contends, first, that his sentencing by the trial judge was clearly illegal because the judge imposed multiple convictions and multiple sentences although only one bank robbery was involved. Since it is well settled that the Bank Robbery Act (18 U.S.C. § 2113) did not create separate crimes but merely prescribed alternative sentences for the same crime depending upon the manner in which the crime was perpetrated,[1] we agree that Wright perpetrated a single crime for which a single sentence should have been imposed, and that the trial judge erred in imposing multiple sentences, even though he ordered that they were to run concurrently.[2] Wright urges, however, that the failure of the District Court to discharge him violated the double jeopardy clause of the Fifth Amendment and that we should now order him released from imprisonment on the grounds that he has fully served one sentence under a valid conviction (Brief of Appellant at 21). For several reasons, we cannot agree. First, the District Court in its order of October 25, 1974 expunged all but one of the sentences originally imposed. Therefore the error committed by the original illegal sentencing was subsequently corrected by the District Court. See *United States v. Leather*, 271 F.2d 80 (7th Cir. 1959), *cert. denied*, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960), and *Brown v. Taylor*, 283 F.2d 670 (10th Cir. 1960). It is clear that erroneous concurrent sentences are correctable, but do not constitute reversible error affecting the conviction. *Hirabayshi v. United States*, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

In *United States v. Leather, supra,* the defendant was indicted and pleaded

---

1. *Prince v. United States*, 352 U.S. 322, 327–329, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); *United States v. Fleming*, 504 F.2d 1045, 1052–1053 (7th Cir. 1974).

2. *Fleming, supra,* 504 F.2d at 1053.

guilty to violations of sub-sections (a) and (d) of 18 U.S.C. § 2113. He was sentenced to 15 years for violation of § 2113(a) and 5 years for violation of § 2113(d). After he had been confined for six years, he moved to vacate his 15-year sentence. The District Court denied the motion but vacated the 5-year sentence *sua sponte.* We affirmed. In *Brown v. Taylor, supra,* the defendant was convicted under sub-sections (a) and (b) of 18 U.S.C. § 2113, and received sentences of 15 years and 5 years, respectively. The defendant contended that he was entitled to release because he had been confined for over five years. The court rejected this contention, holding that the defendant was lawfully in custody for the reason that he had not served the 15-year sentence.

Second, a similar contention was rejected in *Holiday v. Johnston,* 313 U.S. 342, 349, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392 (1941), where the Supreme Court held:

> . . . The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy.

*Holiday* dealt with bank robbery under 12 U.S.C. § 588b (now 18 U.S.C. § 2113). Holiday, a *habeas corpus* petitioner, had been charged with two counts of bank robbery, one count specifying a more aggravated means of perpetration. Holiday pleaded guilty to both counts of the indictment and was sentenced to 10 years on Count One and 15 years on Count Two, the sentences to run consecutively. The petition alleged that the two counts of the indictment charged but one offense and that Holiday was placed in double jeopardy by the imposition of the consecutive sentences. The Supreme Court held that for sentencing purposes, there was but one offense charged. The underlying assumption of *Holiday* is that it was proper for the defendant to plead guilty to the indictment *or to both counts thereof,* but that as only one offense (bank robbery) was charged (but was charged in two different ways), only one sentence was permissible. Although we cannot read the above-quoted statement as approving multiple punishment for one bank robbery under the double jeopardy clause, we do read it to mean that a sentence erroneously imposed under the Bank Robbery Act cannot rise to a constitutional complaint.[3]

Third, Wright's strong reliance upon *Ex parte Lange,* 85 U.S. 163, 21 L.Ed. 872 (1873), and *In re Bradley,* 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943), is misplaced. In *Lange* and *Bradley* the defendants received concurrent sentences of fine and imprisonment although the statute allowed a punishment of fine *or* imprisonment. The defendant in each case satisfied the judgment as to payment of the fine before any attempt was made to amend the sentence order. It was accordingly held in both of these cases that, since there had thus been a legal satisfaction of one valid alternative provision of the original sentence, any attempt to compel the defendant to serve the imprisonment portion of the sentence would constitute double punishment. But in the case before us, Wright has not fully satisfied one of two alternative penalties of the law. See *Leather, supra,* at 86.

Fourth, Wright misplaces his reliance on certain language of the Court of Appeals for the Eighth Circuit in *Holbrook v. United States,* 136 F.2d 649 (8th Cir. 1943) to support his proposition that a court becomes limited in choosing among sentences which may be vacated once

---

3. The *Holiday* holding that an erroneous imposition of two sentences for a single offense of which the accused has been convicted does not constitute double jeopardy, has been followed in *Holscher v. Young,* 440 F.2d 1283, 1290 (8th Cir. 1971); *Michener v. United States,* 157 F.2d 616, 620 (8th Cir. 1946), *rev'd on other grounds,* 331 U.S. 789, 67 S.Ct. 1509, 91 L.Ed. 1818 (1946), *rehearing denied,* 332 U.S. 784, 68 S.Ct. 30, 92 L.Ed. 367; *Hensley v. United States,* 156 F.2d 675, 676 (8th Cir. 1946); and *White v. Pescor,* 155 F.2d 902, 904 (8th Cir. 1946).

there has been a legal satisfaction of one of the sentences. In *Holbrook*, the trial judge had sentenced the defendant to *consecutive* sentences, not, as in the case at bar, to concurrent sentences. Later, however, in *Hardy v. United States*, 292 F.2d 192 (8th Cir. 1961), the same court made its position clear in regard to cases,—such as the case before us,—where *concurrent* sentences are imposed. In *Hardy*, the defendant was convicted under 18 U.S.C. § 2113, sub-sections (a) and (b). He received sentences of 20 and 10 years, respectively, to run concurrently. After he had been imprisoned for 10 years, he moved to have his 20-year sentence vacated as being illegal. The District Court denied his request but vacated the 10-year sentence *sua sponte*. The Court of Appeals affirmed the decision of the District Court, citing *Leather, supra*, as precedent. Said the court:

> In all of these cases, the right of the court in such a situation to simply vacate the shorter sentence and allow the longer one to stand has been recognized. Appellant argues, however, that here his 10-year sentence had been served so that there was no right to vacate it, and that consequently only the 20-year sentence was capable of being set aside. A similar situation and contention were involved in *United States v. Leather*, 7 Cir., 271 F.2d 80, where the court held that the longer sentence standing on the record would legally constitute the measure of the term of the punishment in the situation, unless the trial court saw fit to vacate it, and that the shorter concurrent sentence thus would, while the two sentences stood together, have incidence only in relation to this controlling measure or term of his punishment. The court accordingly upheld the right of the trial court in that case, as here, to vacate the shorter sentence, even though the defendant had by that time been confined for a period equal to its length. The Supreme Court denied certiorari to this holding [citation omitted]. We are in agreement with the Leather case.

292 F.2d at 194–195.

## II.

Wright next contends that the District Court erred, in the procedure employed for correction of illegal sentences, by applying the "intention of the sentencing judge" theory. We reject this contention.

As Wright correctly concedes, we have hitherto employed this theory in cases of this kind. In *United States v. Foster*, 440 F.2d 390 (7th Cir. 1971), we followed the "intention of the sentencing judge" theory. Foster, the defendant, was convicted under a three-count indictment charging him with a single bank robbery, and we held that the District Court erred in imposing three separate sentences. We said:

> . . . It is clear that the district judge intended to sentence defendant for the aggravated version of the crime of bank robbery committed with the use of a dangerous weapon as charged in Count Three of the indictment and upon which defendant was sentenced to a term of twenty years' imprisonment. Accordingly, the judgment of the district court is affirmed and the cause is remanded for the sole purpose of vacating the sentences imposed under Counts One and Two of the indictment.

440 F.2d at 393.

Just last year, in *United States v. Fleming*, 504 F.2d 1045 (7th Cir. 1974), we further validated the "intention of the sentencing judge" theory. We said there:

> . . . We cannot determine whether Judge Foreman, faced with the choice of retaining the 20-year sentence or that for 10 years, would desire Bevineau to serve the same term as, or a shorter term than, the other defendants. Thus, we remand Bevineau's case to Judge Foreman to enable him to choose whether to retain the sentence under Count IV or Count V.

\* \* \* \* \* \*

. . . Nevertheless, in view of our appraisal of the intent of the trial judge, . . .

504 F.2d at 1055.

But we do not rely alone upon cases decided by us or by any other Court of Appeals, for the Supreme Court followed the "intention of the sentencing judge" theory in *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), where the Court said:

. . . Plainly enough, the intention of the district judge was to impose the maximum sentence of twenty-five years for aggravated bank robbery, and the formal defect in his procedure should not vitiate his considered judgment [footnote omitted].

365 U.S. at 306, 81 S.Ct. at 656.

We are not persuaded by Wright's assertion that "The procedure outlined in [*United States v. Corson*, 449 F.2d 544 (3rd Cir. 1971) and *United States v. Jasper*, 481 F.2d 976 (3rd Cir. 1973),—i.e., vacating all of the sentences and fully remanding to the District Court so that the latter will fix the penalty anew and not choose from among the sentences originally imposed] has been adopted by a clear majority of the circuits which have had the issue presented". (Brief of Appellant at 19). To support the above assertion, Wright alleges that the Courts of Appeals of six circuits,—the Third, the District of Columbia, the Second, the Fifth, the Ninth and the Eighth,—have followed the full remand and resentence procedure as outlined above in *Corson, supra,* and *Jasper, supra.* This is incorrect. In *Gorman v. United States,* 456 F.2d 1258 (2nd Cir. 1972), which is the sole case cited for the Second Circuit by Wright, the court, although stating that it adopted the procedure in *Corson* and *Jasper,* nevertheless applied the "intention of the sentencing judge" theory and did not remand because:

Although we vacate the sentence on Count Two, it is not necessary in this case to disturb the fifteen year sentence on Count One; nor is it neces-

sary to remand for resentencing. Judge Zampano's intentions were crystal clear, and remand would be needlessly time consuming and a meaningless act [citations omitted].

456 F.2d at 1260.

Nor is *Gerberding v. United States,* 471 F.2d 55 (8th Cir. 1973) correctly cited to support Wright's assertion. In *Gerberding* the Court of Appeals remanded the case to the District Court with directions to impose one general sentence. The court explained:

We, of course, have no way of knowing at this late date what prompted Judge Graven to impose twenty-year sentences on the lesser offenses encompassed in Counts I and II and a ten-year sentence on the more aggravated offense encompassed in Count III. . . .

471 F.2d at 63.

The court, however, went on to state in the penultimate paragraph of its opinion:

*Our remand should not be regarded as a departure from the intent theory heretofore applied by this court.* We pursue this cause because of the unusual history of this case. . . .

[Emphasis added.] 471 F.2d at 63.

In the case at bar, it is clear that the trial judge intended to sentence Wright for the aggravated version of the crime of bank robbery committed with the use of a dangerous weapon as charged in Count III of the indictment and upon which Wright was sentenced to a term of fifteen years imprisonment.

### III.

■ Wright also contends that the District Court erred in failing to vacate the convictions underlying the vacated sentences. Although this is the first case in which this Court has been required to decide the question of the illegality of multiple *convictions* (as opposed to multiple *sentences*) under the Bank Robbery Act, the question has been raised and decided by other courts. In the trilogy of Bank Robbery Act cases,

the question was not reached by the Supreme Court in *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), nor in *Green, supra*, but it was decided *sub silentio* in *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), where the petitioner instituted a proceeding under 28 U.S.C. § 2255 in which he complained that he could not be lawfully *convicted* under both sub-sections (c) and (d) of § 2113. The District Court denied the § 2255 motion and the Court of Appeals affirmed. The Supreme Court granted certiorari because of an apparent conflict between that decision and the decision in *Prince, supra*. Without discussing the issue of multiple convictions, the Supreme Court reversed the lower court's denial of the § 2255 motion, thus agreeing with the claim of the petitioner that he could not lawfully receive multiple convictions under the Bank Robbery Act. Following the *Heflin* decision, it appears that the issue of the illegality of multiple convictions under the Bank Robbery Act was not determined by the United States Court of Appeals until 1972 when, in *O'Clair v. United States*, 470 F.2d 1199 (1st Cir. 1972), *cert. denied*, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973), O'Clair, in a proceeding under 28 U.S.C. § 2255, challenged both his convictions and sentences under a two-count indictment charging him with bank robbery in violation of sub-sections (a) and (d) of § 2113. After a plea of guilty had been entered, the District Court imposed concurrent sentences of 15 years for each count, set aside the *sentence* under Count I,—as required by *Green v. United States, supra*,—but refused to set aside the *conviction* under Count I. On appeal, O'Clair attacked the validity of the dual convictions. The Court of Appeals agreed with O'Clair and, although affirming the conviction and sentence under Count II, remanded the case for entry of an order vacating O'Clair's *conviction* under Count I.

In addition to the double jeopardy problems raised by the imposition of two convictions for one crime,[4] we acknowledge the several and varied adverse collateral effects of a conviction, independent of the sentence.[5] Without canvassing all of the possible adverse collateral effects of criminal convictions,[6] it is sufficient to say that there are such possibilities in this case. For example, there are a few States which consider all prior felony convictions for the purpose of enhancing sentence under habitual criminal statutes, even if the convictions actually constituted only separate counts in a single indictment tried on the same day.[7] Moreover, Wright's convictions under Counts I and II might adversely affect his chances for parole,[8] or might some day be used to impeach his character if put in issue at a future trial, and although he could explain that both convictions arose out of the same offense as the conviction under Count III, a jury might not appreciate this subtlety.[9] In *United States v. Tanner*, 471 F.2d 128, 140 (7th Cir. 1972), *cert. denied*, 409 U.S. 949, 93 S.Ct. 269, 34 L.Ed.2d 220 (1972), we recently adopted the rule that where a possibility of undesirable collateral consequences exists, even though con-

---

4. As the court said in *O'Clair, supra*, " . . . It would seem apparent that if the state cannot constitutionally obtain two convictions for the same act at two separate trials, it cannot do so at the same trial." 470 F.2d at 1203.

5. In *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968), the Supreme Court noted "the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences".

6. The possible adverse collateral effects of convictions are discussed in *Sibron, supra*, 392 U.S. at 51–58, 88 S.Ct. 1889; *Street v. New*

York, 394 U.S. 576, 579–580, n. 3, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969); *Carafas v. LaVallee*, 391 U.S. 234, 237–238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Ginsberg v. New York*, 390 U.S. 629, 633–634, n. 2, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968).

7. *Benton v. Maryland*, 395 U.S. 784, 790, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

8. *Clermont v. United States*, 432 F.2d 1215, 1217 (9th Cir. 1970), *cert. denied*, 402 U.S. 997, 91 S.Ct. 2182, 29 L.Ed.2d 163 (1971).

9. See *Benton v. Maryland, supra*, 395 U.S. at 791, 89 S.Ct. 2056.

current sentences have been imposed, the court is no longer obliged to follow the old "concurrent sentence doctrine" and may thus consider challenges to multiple convictions. We adhere to our decision in *Tanner.*

In view of the foregoing, we conclude that the convictions under Counts I and II should be vacated.

■ Wright further contends that the conviction under Count IV, too, should have been vacated by the District Court. To this extent we cannot agree. Count IV was a *conspiracy* count,—not a substantive count of bank robbery. And although Count IV,—like the three substantive counts of bank robbery (Counts I, II, and III),—arose from the single bank robbery incident, we see no reason for our not applying here the general rule that conspiracy is a separate crime, even though it involves an agreement to commit the substantive crime. *See,* e. g., *United States v. Fleming, supra,* where Judge Stevens stated:

> "It is clear that the inchoate offense of conspiracy does not merge with the choate bank robbery offense. *United States v. Welty,* 426 F.2d 615, 619 n. 15 (3rd Cir. 1970); *see Dimenza v. Johnston,* 130 F.2d 465, 467 (9th Cir. 1942)." 504 F.2d at 1055, n. 8.

As noted in the prefatory part of this opinion, the District Court vacated the sentence imposed under Count IV. We do not know the reasons underlying this action. Nonetheless, there is no reason for vacating the *conviction* under Count IV since it would seem eminently proper to leave standing a conviction under the conspiracy count (Count IV) as well as a conviction under the substantive count (Count III), albeit no time was to be served on the conspiracy count.

■ In holding, as we do, that the Bank Robbery Act permits only one conviction for a single bank robbery, we emphasize that our holding does not prevent the filing of a multi-count indictment, nor a trial under such indictment. But if such a multi-count case is to be submitted to a jury, the trial judge should instruct the jury that it must first consider the most serious count and, if it finds all of the elements of that count proved, it must convict under that count alone. This would be its sole verdict, no response being necessary as to the less serious counts.

For all of the foregoing reasons, the orders of the District Court are affirmed, but the cause is remanded solely in order that the convictions under Counts I and II may be vacated.