**UNITED STATES of America,**
**Appellant,**

v.

**Daniel Lee SAPPINGTON, Appellee.**

No. 75–1678.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1975.

Decided Dec. 18, 1975.

Lawrence O. Willbrand, St. Louis, Mo., for appellant.

David Rosen, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Daniel Lee Sappington was convicted of possession of funds stolen from a federally insured savings and loan institution in violation of 18 U.S.C. § 2113(c) on October·9, 1968. He appealed that conviction, but pursuant to his motion the appeal was dismissed on June 5, 1969. Long after the time for appeal had run Sappington moved to vacate his sentence under 28 U.S.C. § 2255, for the reason that he was not sentenced in accordance with the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.,* and the mandate of *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). Relief was denied by the district court on February 12, 1975. We reversed this determination and remanded for resentencing, because of inadequate compliance with *Dorszynski,* in *Sappington v. United States,* 518 F.2d 28 (8th Cir. 1975). The district court resentenced Sappington on August 15, 1975, in accordance with our mandate, finding defendant would not have benefited from sentencing under the Youth Corrections Act.

Petitioner now appeals the order of August 15, 1975, but does not allege error in the resentencing procedure. Instead, he alleges two errors in his trial, more than seven years ago, as grounds for appeal.[1]

■ Matters not presented to the district court in 28 U.S.C. § 2255 proceedings may not be considered on appeal. *Brown v. United States,* 454 F.2d 45, 46 (8th Cir. 1972). Furthermore, section 2255 is not a substitute for direct appeal, and matters which could have been raised on appeal will not be con-

---

1. The identical issues which Sappington seeks to raise here were decided adversely to his co-defendant in the direct appeal of her con-

viction. *United States v. Whitney,* 425 F.2d 169 (8th Cir.), *cert. denied,* 399 U.S. 935, 90 S.Ct. 2267, 26 L.Ed.2d 808 (1970).

sidered. *Mixen v. United States,* 469 F.2d 203, 205 n. 2 (8th Cir. 1972), *cert. denied,* 412 U.S. 906, 93 S.Ct. 2297, 36 L.Ed.2d 971 (1973); *Cardarella v. United States,* 375 F.2d 222, 231 (8th Cir.), *cert. denied,* 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967); *Etherton v. United States,* 249 F.2d 410, 412, 17 Alaska 274 (9th Cir. 1957), *cert. denied,* 355 U.S. 919, 78 S.Ct. 349, 2 L.Ed.2d 278 (1958). Accordingly, the appeal is dismissed.