Jasper McLEAN, Jr., pro se, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 77–0077–CIV–3.

United States District Court, E. D. North Carolina, Fayetteville Division.

May 19, 1978.

Jasper McLean, Jr., pro se.

George M. Anderson, U.S. Atty., Raleigh, N.C., for respondent.

## MEMORANDUM ORDER

BUTLER, Senior District Judge.

Petitioner Jasper McLean, Jr., has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct sentences imposed in three separate cases charging violations of the federal bank robbery statute, 18 U.S.C. § 2113. Each of the cases involved separate robberies of three different banks on different dates. The three cases were consolidated for trial, and the petitioner was convicted by a jury as charged in five counts of the three indictments.

In case No. 75–11–Cr–3 [hereafter No. 75–11], petitioner was sentenced to 16 years on Count 1 [bank robbery, subsection (a)], and to eight (8) years on Count 2 [bank larceny, subsection (b)]. The sentence on Count 2 to run concurrently with the sentence on Count 1.

In case No. 75–12–Cr–3 [hereafter No. 75–12], petitioner was sentenced to 16 years on Count 1 [bank robbery, subsection (a)], and to 22 years on Count 2 [armed bank robbery, subsection (d)]; the sentence on Count 2 to run concurrently with the sentence on Count 1, and the sentences on Counts 1 and 2 to run concurrently with the sentences imposed in case No. 75–11 and in case No. 75–13–Cr–3 (hereafter No. 75–13).

In case No. 75–13, petitioner was sentenced to 16 years on Count 1 [bank robbery, subsection (a)], the sentence to run consecutively to the sentence in case No. 75–11. Petitioner's motion for judgment of acquittal as to Count 2 [armed bank robbery, subsection (d)] was allowed.

The petitioner contends that in cases No. 75–11 and 75–12 he was denied a fair trial for that: (1) the judge failed to instruct the jury that armed bank robbery is but one offense and that the jury could not return a verdict of guilty as to both counts in each case; and (2) that the judge failed to instruct the jury that it must first consider the most serious count [armed bank robbery], and if it finds all of the elements of that count proved, it must convict under that count alone as its only verdict, and that the jury should consider the lesser included offense [bank robbery] only in the event it found petitioner not guilty of the most serious count.

The petitioner also contends that: (3) he was sentenced on each of the five counts in the three indictments arising out of the same transactions; that § 2113 does not

create a number of distinct crimes for a single bank robbery and that it is impermissible to impose sentence under more than one section for a single transaction.

Case No. 75–11 charges petitioner with bank robbery and bank larceny from the First Citizens Bank & Trust Company, Haymount Branch, Fayetteville, North Carolina, on November 15, 1974.

Case No. 75–12 charges petitioner with bank robbery and armed bank robbery of the Southern National Bank of North Carolina, Bordeaux Branch, Fayetteville, North Carolina, on November 7, 1974.

Case No. 75–13 charges petitioner with bank robbery of the Branch Banking & Trust Company, Tallywood Branch, Fayetteville, North Carolina, on November 27, 1974.

The judgments in each of the three cases were affirmed by the Fourth Circuit Court of Appeals, *United States v. McLean,* 539 F.2d 706 (1976).

### 1.

Petitioner's first claim that the court erred in failing to instruct the jury that it could not return a verdict of guilty as to both counts in cases Nos. 75–11 and 75–12 is without merit. In *United States v. Spears,* 442 F.2d 424 (4 Cir. 1971), the defendant was convicted on three counts of bank robbery in violation of subsections (a), (b), and (d). The court approved the imposition of three concurrent sentences on the three counts. The court said:

"Had only a single sentence been imposed, and the judgment supporting that sentence been reversed without disturbing the convictions on the remaining counts, difficulty could have arisen on a remand, which the action taken obviated. However, the duplicitous sentences should not be left in effect after the conviction has become final." *Id.* at page 425.

The case was remanded to vacate the judgment on the first two counts, so that

only one of the sentences is left in effect. See, also, *United States v. Brown,* 443 F.2d 1174 (4 Cir. 1971), *United States v. Shelton,* 465 F.2d 361 (4 Cir. 1972), and *United States v. Mackey,* 474 F.2d 55 (4 Cir. 1973).

■ As previously stated, case No. 75–11 charges violations of subsections (a) and (b), and case No. 75–12 charges violations of subsections (a) and (d). It is well settled that subsections (a), (b), and (d) of the Bank Robbery Act do not create separate crimes where only one bank robbery is committed and although a defendant may be indicted, tried, convicted and sentenced on each count, the convictions for the less aggravated forms of bank robbery merge into the conviction for the more aggravated form of bank robbery,[1] and the duplicitous sentences for the lesser offenses should not be left in effect after the conviction for the greater offense has become final.[2]

Generally, upon affirmance of the convictions in a multi-count indictment for bank robbery, the Fourth Circuit Court of Appeals remands the case with instructions to vacate all but one of the sentences. However, in the recent case of *United States v. Amos,* [see footnote 1], where the defendant was convicted of bank robbery [subsection (a)], and bank larceny [subsection (b)], and concurrent sentences were imposed, the court said:

"[W]e now think that the practice of our vacating the duplicitous sentences in bank robbery cases is the preferable one because it avoids the necessity of a needless remand for resentencing or correction of an illegal sentence. . . . Accordingly, we affirm the conviction and sentence for bank robbery and vacate the sentence for bank larceny."

Contrary to petitioner's contention, multiple convictions for violations of subsections (a), (b), and (d), are permissible, but such convictions are merged for the purpose of sentencing.

---

**1.** *United States v. Amos,* 566 F.2d 899 (4 Cir. 1977).

**2.** *United States v. Spears, supra.*

### 2.

Petitioner's second claim is that in a multi-count indictment charging violations of subsections (a), (b), and (d) of the bank robbery statute, the court erred in failing to instruct the jury that it must first consider the most serious count and, if it finds all of the elements of that count proved, it must convict on that count alone as its only verdict, and that the jury should consider the lesser included offenses only in the event it found petitioner not guilty of the most serious count. This claim is also without merit.

In support of this contention, petitioner relies on the case of *Wright v. U. S.*, 519 F.2d 13, 20 (7 Cir. 1975). In *Wright*, the defendant was convicted of violations of subsections (a), (b), and (d) of the bank robbery statute, and of conspiring to commit the offenses charged in violation of 18 U.S.C. § 371. He pleaded guilty to all counts and separate sentences were imposed on each count to run concurrently. The court said:

"Wright contends first, that 'his sentencing by the trial judge was clearly illegal because the judge imposed multiple convictions and multiple sentences although only one bank robbery was involved. Since it is well settled that the Bank Robbery Act (18 U.S.C. § 2113) did not create separate crimes but merely prescribed alternative sentences for the same crime depending upon the manner in which the crime was perpetrated, we agree that Wright perpetrated a single crime for which a single sentence should have been imposed, and that the trial judge erred in imposing multiple sentences, even though he ordered that they were to run concurrently. . . . [T]he District Court . . . expunged all but one of the sentences originally imposed. Therefore the error committed was subsequently corrected by the District Court. . . . It is clear that erroneous concurrent sentences are correctable, but do not constitute reversible error affecting the conviction." [Citations omitted.]

Finally, the *Wright* court said:

"In holding, as we do, that the Bank Robbery Act permits only one conviction for a single bank robbery, we emphasize that our holding does not prevent the filing of a multi-count indictment, nor a trial under such indictment. But if such a multi-count case is to be submitted to a jury, the trial judge should instruct the jury that it must first consider the most serious count and, if it finds all of the elements of that count proved, it must convict under that count alone. This would be its sole verdict, no response being necessary as to the less serious counts."

This latter holding is in accord with petitioner's contention in this case.

■ The holding in *Wright* that "The Bank Robbery Act permits only one conviction for a single bank robbery" and that the jury should be so instructed is contrary to the weight of authority and the decisions of the Fourth Circuit Court of Appeals. A grand jury may return an indictment charging violations of subsections (a), (b), and (d), and the prosecution is not compelled to make an election between the several counts, and the jury may be required to make a separate finding as to each. It is only where a defendant is convicted of robbing a bank in violation of subsection (a), (b), and (d) that he cannot also be convicted of receiving or possessing the proceeds of that robbery in violation of subsection (c).

In *United States v. Gaddis*[3] the defendants were charged in an eight-count indictment with violations of subsections (a), (c), and (d), and were convicted and sentenced on all counts. The Supreme Court held that there is no impropriety for a grand jury to return an indictment containing counts charging violations of subsections (a), (b), (c), and (d) and that a person convicted of robbing a bank in violation of subsections (a), (b), and (d), cannot also be convicted of receiving the proceeds of that robbery in violation of subsection (c).

3. 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976).

"[W]hile there was in the present case a 'merger' of the convictions under §§ 2113(a) and (d) . . . the merger could not include the conviction under § 2113(c). Receipt or possession of the proceeds of a bank robbery in violation of § 2113(c) is simply not a lesser included offense within the framework of the bank robbery provisions of § 2113. Rather § 2113(c) reaches a different 'group of wrongdoers,' i. e., 'those who receive the loot from the robber.'"

In *Gaddis* the Court further said:

"If, upon the trial of the case the District Judge is satisfied that there is sufficient evidence to go to the jury upon both counts, he must . . . instruct the members of the jury that they may not convict the defendant both for robbing a bank and for receiving the proceeds of the robbery. He should instruct them that they must first consider the charges under 18 U.S.C. § 2113(a), (b), or (d), and should consider the charge under § 2113(c) only if they find insufficient proof that the defendant was himself a participant in the robbery."

*Gaddis* was remanded to vacate the *sentences* under subsections (a) and (c). [Emphasis added.] The sentences under the four counts charging violations of subsection (d) were affirmed.

■ As previously stated, in a single bank robbery a defendant may be convicted of violating subsections (a), (b), and (d), and the convictions for the lesser included offenses are merged into the conviction for the greater offense and after the convictions become final, the duplicitous sentences for the lesser offenses should be vacated. Since the violation of subsection (c) is not a lesser included offense of bank robbery, the doctrine of "merger" is not applicable and a defendant who has participated in the robbery cannot be convicted of receiving the proceeds of the robbery in violation of subsection (c), and the judge should so charge the jury. This requirement with respect to limiting instructions to the jury does not apply to the present case, where the petitioner was not charged with violations of subsection (c), but was charged and convict-ed of violations of subsections (a), (b), and (d).

■ In any event the petitioner in this case failed to request the trial judge to submit limiting instructions to the jury as now contended, and did not object to the failure of the court to do so, and it was not "plain error" for the district judge not to have given the instruction *sua sponte*. *United States v. Revels*, 575 F.2d 74 (4 Cir., No. 76–1343, April 19, 1978.)

### 3.

Petitioner's third claim is that it is impermissible for the court to impose sentence on each of the five counts in the three indictments arising out of the same transactions, and that a defendant may not be sentenced under more than one section of § 2113 for a single transaction. This claim is without merit.

Petitioner's convictions of the five counts in the three indictments did not arise out of the same transactions. He was convicted of violating subsections (a), (b), and (d) in three cases involving separate robberies of three different banks on different dates. He was sentenced on each of the five counts, and the judgments in each of the three cases were affirmed on appeal. *United States v. McLean, supra*. Also, See, *United States v. Spears, supra*. Since the convictions have become final, the convictions for the lesser offenses in each case are merged into the convictions of the greater offenses, and the duplicitous sentences for the lesser included offenses should now be vacated.

Now, Therefore,

It is ORDERED that the concurrent sentence of eight (8) years imposed on Count 2 for violation of 18 U.S.C. § 2113(b) in case No. 75–11 be, and the same is hereby vacated.

It is FURTHER ORDERED that the concurrent sentence of sixteen (16) years imposed on Count 1 for violation of 18 U.S.C. § 2113(a) in case No. 75–12 be, and the same is hereby vacated.

It is FURTHER ORDERED that the sentences imposed on Count 1 for violation of 18 U.S.C. § 2113(a) in case No. 75–11, and the sentence imposed on Count 2 for violation of 18 U.S.C. § 2113(d) in case No. 75–12, and the sentence imposed on Count 1 for violation of 18 U.S.C. § 2113(a) in case No. 75–13 shall be and remain in full force and effect.