818 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John MACKEY, a/k/a Ziyadah A. Musawwir, Defendant-Appellant.
 No. 86-7372.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 27, 1987.
Decided May 8, 1987.
 
 Before RUSSELL, ERVIN and WILKINSON, Circuit Judges.
 John Mackey, appellant pro se.
 Breckinridge Long Willcox, United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 John Mackey, a federal inmate, appeals the judgment of the district court dismissing his motion for post-conviction relief brought pursuant to 28 U.S.C. Sec. 2255. Mackey was convicted in 1972 of assault during the robbery of a savings and loan association, in violation of 18 U.S.C. Sec. 2113(d). Mackey appealed his conviction, raising a number of issues, including (1) that his constitutional rights were denied when the government showed photographs to certain witnesses without the attendance of counsel; (2) the trial court erred in denying his motion to compel a preliminary hearing; and (3) there were no blacks on the jury which convicted him. A panel of this Court found no merit to these claims. See United States v. Mackey, 474 F.2d 55 (4th Cir.), cert. denied, 412 U.S. 941 (1973).
 
 In his Sec. 2255 motion Mackey alleges:
 
 2
 (1) blacks were excluded from his jury;
 
 
 3
 (2) he was convicted as a result of an unconstitutionally suggestive and impermissive identification;
 
 
 4
 (3) he was denied his right to a preliminary hearing; and
 
 
 5
 (4) he received an improper and illegal sentence.
 
 
 6
 Ordinarily collateral attacks cannot be made on the basis of issues which have been previously litigated and determined against a defendant on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976). A petitioner is not, however, precluded from raising issues in a Sec. 2255 proceeding if there has been an intervening change in the law which warrants reconsideration of the claims. Davis v. United States, 417 U.S. 333, 342 (1974). Mackey's first three claims were addressed by this Court in his direct appeal from his conviction and were determined adversely to him. The legal standards and principles that this Court applied on direct review continue to foreclose relief on Mackey's claims. We see no need to reconsider our earlier disposition and affirm the dismissal of claims (1), (2), and (3) on that basis.
 
 
 7
 We affirm the denial of relief on Mackey's fourth allegation on the reasoning of the district court. United States v. Mackey, C/A No. 86-3238-H; Cr. No. 71-0507-H (D. Md., Oct. 31, 1986). Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the district court's judgment.
 
 
 8
 AFFIRMED.