972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edmond WILLIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2413.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.*
Decided Aug. 20, 1992.
Rehearing and Rehearing En Banc
Denied Jan 4, 1993.
 
 Before CUDAHY, and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Edmond Willis appeals pro se from a minute order vacating a portion of the sentence he is serving for armed robbery of a bank in violation of 18 U.S.C. § 2113(a) and (d). We affirm.
 
 I. BACKGROUND
 
 2
 Willis was found guilty of one-count of armed robbery for using a handgun during the commission of a robbery at the Argo Federal Savings and Loan in Bridgeview, Illinois. The district court judge sentenced him to a twenty-year term of imprisonment to be followed by a five-year period of probation. In addition, the court ordered that Willis pay back the $55,180 sum he stole from the bank.
 
 
 3
 After serving four and one-half years of the term, Willis filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He claimed that two sentences had been imposed on him for one crime, violating the constitutional prohibition against double jeopardy. In response, the government conceded that the district court had in fact erroneously sentenced Willis on a one-count conviction to both a custody sentence and a consecutive probationary term. Acknowledging its mistake, the district court issued an order to vacate the portion of the sentence requiring the probationary term and restitution.
 
 
 4
 Willis remains dissatisfied. On appeal he challenges the district court's modification of his sentence, alleging that additional errors in the sentence exist that entitle him to further relief. In particular, he requests that this court vacate his remaining sentence or, alternatively, remand with instructions that the district court suspend the term of imprisonment and place him on probation. Towards that end, he advances several arguments, none of which we find convincing. Although we find no reason to vacate the sentence or remand, Willis should be repaid the amount of restitution he has paid to date.[1]
 
 II. ANALYSIS
 
 5
 Initially we consider a jurisdictional issue raised by Willis' suggestion that the time he spent serving the custodial portion of his sentence deprived the sentencing court of jurisdiction to correct the original sentence. That is an incorrect assertion. "A prisoner in custody under sentence of a court ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Section 2255 (emphasis added). See also Napoles v. United States, 536 F.2d 722, 726 (7th Cir.1976) (post-conviction attack on a judgment and sentence should be heard in court whose proceedings are being attacked). Despite the jurisdictional challenge he now raises on appeal, Willis had it right from the start when he directed his § 2255 motion to the sentencing judge.
 
 
 6
 Besides the jurisdictional challenge, Willis also claims that Chief Judge Moran initially imposed an illegal sentence. In particular, Willis argues that the district court judge failed to suspend any portion of the term of imprisonment when ordering him to serve a period of probation as well. For this proposition Willis cites United States v. Makres, 851 F.2d 1016 (7th Cir.1988), cert. denied, 493 U.S. 969 (1989), which holds that "[j]ust as a court cannot suspend imposition of sentence without placing the defendant on probation ..., it cannot impose probation without suspending imposition or execution of at least part of the sentence." Id. at 1018 (citations omitted).
 
 
 7
 Willis' reliance on Makres is doubly flawed. First, he failed to raise the suspension argument in his § 2255 motion. In its liberal construction of pro se appeals, see Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990), this court need not entertain waived arguments. Cf. United States v. Sappington, 527 F.2d 508 (8th Cir.1975) (issues not raised in Section 2255 motion before district court may not be considered on appeal). Second, this argument--even if properly before the court--is moot. The district court judge corrected the sentence when he excised its probationary and restitution components, leaving intact the term of imprisonment. Once he did so, it mattered not whether he actually failed to suspend a portion of Willis' sentence when he imposed the probationary term.
 
 
 8
 Wright v. United States, 519 F.2d 13 (7th Cir.), cert. denied, 423 U.S. 932 (1975) settles this score. In that case the district court illegally imposed multiple sentences on a defendant convicted of violating § 2113, which neither envisions separately punishable offenses nor authorizes a court to order more than a single sentence.[2] See also United States v. Fleming, 504 F.2d 1045, 1052-1053 (7th Cir.1974). Later, however, the district court in Wright realized its mistake and expunged all but one of the sentences. On appeal this court held that the district court's correction was constitutionally sufficient. "It is clear that erroneous concurrent sentences are correctable, but do not constitute reversible error affecting the conviction." Id. at 15 (citing Hirabayshi v. United States, 320 U.S. 81 (1943)). In the instant case, Chief Judge Moran's order vacating the probationary portion of the sentence cured his initial error. He need not have taken any further action.
 
 
 9
 Willis also argues that the sentencing court violated the prohibition against double jeopardy when it imposed two sentences for his perpetration of a single crime. The Fifth Amendment bars multiple punishments for the same offense. United States v. DiFrancesco, 449 U.S. 117 (1980). While the government contradicts itself by claiming incorrectly that the district court did not impose on Willis separate punishments for the same offense,[3] Wright again resolves the question. There we also held that the erroneous imposition of multiple sentences for a single offense of bank robbery did not constitute double jeopardy. Id. at 16. See also Holiday v. Johnston, 313 U.S. 342, 349 (1941). Although the district court mistakenly sentenced Willis to separate punishments for the same crime, the error did not give rise to a constitutional claim. Nor did Chief Judge Moran place Willis in double jeopardy when he vacated only one of the two sentences imposed. E.g., Smith v. United States, 287 F.2d 270 (9th Cir.), cert. denied, 366 U.S. 946 (1961); Matlock v. United States, 309 F.Supp. 398 (W.D.Tenn.1970).
 
 
 10
 Willis further contends that the probationary period already is under way--an attempt, presumably, to convince the court to vacate the custodial element of his punishment and permit him to serve the remainder of his sentence on probation. Since he did not raise this claim before the district court, it is waived. Sappington, 527 F.2d at 508.
 
 
 11
 While the record contains no evidence that Willis has in fact made any payments in accordance with the original sentence, a document attached to his brief indicates that he has paid a total of $728 toward restitution. Since the district court judge vacated the restitution part of the sentence, Willis is entitled to repayment of all monies he has repaid to date.
 
 
 12
 As a final matter, we note that the district court neither committed error nor abused its discretion by deciding not to hold an evidentiary hearing on Willis' § 2255 motion. The government did not contest the motion and both parties were in at least partial agreement as to the appropriate relief. To date, Willis has failed to indicate what additional evidence he would have presented were an evidentiary hearing held. It is therefore difficult to see how Willis was prejudiced by the district court's grant of the relief he requested when it decided the motion on the basis of the submissions and record before the court. Willis' motion presented only a legal argument. The sentencing court had before it all the necessary information to make a proper disposition. E.g., United States v. Osborne, 931 F.2d 1139, 1162 (7th Cir.1991). This the court did.
 
 III. CONCLUSION
 
 13
 The district court's correction of Willis' sentence therefore is AFFIRMED. We hereby REMAND this case for entry of an ORDER directing that Willis be reimbursed in full for the restitution payments he has actually made to date.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The government concedes that Willis is due the restitution
 
 
 [2]
 The different subsections of 18 U.S.C. § 2113 enumerate different possible punishments for the crime of bank robbery, depending on the manner in which the accused carried out the crime. Prince v. United States, 352 U.S. 322, 327-329 (1957). See also United States v. Marzano, 537 F.2d 257, 272 (7th Cir.1976), cert. denied, 429 U.S. 1038 (1977); 18 U.S.C. § 2113. Accordingly, a defendant convicted under § 2113 cannot receive multiple sentences for the single offense of bank robbery. E.g. Wright v. United States, 519 F.2d 13 (7th Cir.), cert. denied 423 U.S. 932 (1975). Willis' initial sentence clearly violated this principle
 
 
 [3]
 Indeed, the government admits throughout its brief that the imposition of custodial and probationary terms was precisely the problem with the original sentence. The United States Attorney, in fact, hinges his argument on the fact that the district court's subsequent correction of the sentence denies Willis any further relief. Government's Brief, filed Nov. 15, 1991, at 10, 11, 13